# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BIRON GARVIN,                          )
                                    )
    Plaintiff,              )
v.                                     )     CV418-109
                                    )
CPL. SYKES; SGT. FOWLER,               )
                                    )
    Defendants.             )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Biron Garvin, an inmate at Coffee Correctional Facility, alleges in his 42 U.S.C. § 1983 Complaint that he was subjected to excessive force by Richmond Hill police officers. Doc. 1; doc. 5 at 2.[1] The Court granted Garvin's' request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms. Docs. 4 & 5. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[2]

---

[1]    Plaintiff inadvertently omitted a typewritten page of his allegations from the Court's form § 1983 complaint. His request to have that page incorporated into his Complaint (doc. 5 at 1) is **GRANTED**.

[2]    Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

## I.   BACKGROUND

On May 16, 2016, Cpl. Sykes and Sgt. Fowler of the Richmond Hill Police Department were on a call at a Richmond Hill motel when they noticed Garvin backing out of a parking space.  Despite attending to an unrelated call, the officers saw fit to stop Garvin and order him and his passenger out of the car.  The officers searched the vehicle and found marijuana on the passenger's person.  "Suspecting that plaintiff had placed marijuana in his mouth and was chewing it, Sykes began choking plaintiff and slammed his face on the police car and then began sticking his fingers in his mouth in an attempt to dislodge the suspected marijuana.  When that was unsuccessful, Sykes allegedly shoved his flashlight forcefully into plaintiff's mouth, causing abrasions and bleeding[,] as well as [ ] chipping his teeth."  Doc. 5 at 2.  Plaintiff, who asserts that he was compliant throughout the encounter, states that he was subjected to the unnecessary and wanton use of force.  *Id*.

No marijuana was found on plaintiff's person or in his vehicle, and an ambulance was called to deal with his injuries.  The officers, rather than waiting for the ambulance, transported plaintiff to Chatham Savannah Memorial Hospital where he was treated for "the injuries to

his mouth and two cracked teeth."  Doc. 5 at 2.  It is unclear whether plaintiff was even arrested as a result of the incident.  *See id.*; *see also* www.dcor.state.ga.us/CDC/Offender/Query (reflecting incarceration beginning August 24, 2016); https://cmsportal.chathamcounty.org/ Portal/Home/Dashboard/29 (no active dockets for charges or conviction dated May 2016).  Plaintiff's teeth remain unrepaired.  He seeks a total $50,000 in compensatory damages for his injuries and ongoing pain and suffering. *Id*.

## II.   ANALYSIS

Garvin asserts an excessive force claim against Cpl. Sykes and Sgt. Fowler.  To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert that the officer's conduct was objectively "unreasonable."  *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).  Such a test looks not to the motivation of the particular officer but to whether a reasonable officer would have taken the same action under the circumstances.  *Id*. at 397.  "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the

3

countervailing governmental interests at stake." *Id.* at 396 (quotes and cites omitted).

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of a precise definition or mechanical application," . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* (cites omitted).   The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balanc[ing] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (citing *Scott v. Harris*, 550 U.S. 372, 383 (2007)).   "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must still slosh our way through the factbound morass of 'reasonableness.'").   Here, Garvin alleges that he was merely present at a location and somehow sparked the officers' suspicion and ire and that,

4

even when totally compliant with their orders, his head was slammed against the police car and a flashlight was jammed into his mouth, cracking his teeth.  That is enough, at this stage, to warrant a response from the officers.

The Richmond Hill Police Department, however, is not a legal entity subject to suit under § 1983.  *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department is not an entity subject to suit under § 1983 because it "is merely the vehicle through which the City government fulfills its policing instructions.").  And plaintiff has made no allegation that some "custom, pattern, or practice" of the City of Richmond Hill resulted in the deprivation of his constitutional rights. *Monnel v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Shelby*, 578 F. Supp. at 1370 (county cannot be held vicariously liable for the actions of its officers or employees); *Pickett v. Bryan County*, 2007 WL 1238530 at *2 (S.D. Ga. Apr. 26, 2007) (City of Richmond Hill cannot

5

be held vicariously liable for their employees' actions absent a showing of city "custom, pattern, or practice."). The City of Richmond Hill and its Police Department must, therefore, be dismissed from the Complaint.

## III. CONCLUSION

Accordingly, the City of Richmond Hill and Richmond Hill Police Department should be **DISMISSED**.[3] Garvin's claims for excessive force against Cpl. Sykes and Sgt. Fowler, however, are approved for service and the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the Marshal for service upon these defendants so that they may respond.

Meanwhile, it is time for Garvin to pay his filing fee. His PLRA paperwork reflects $33.75 in average monthly deposits. Doc. 7. He therefore owes a $6.75 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Garvin's custodian (or designee) shall remit the $6.75 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside

---

[3]    To the extent Garvin believes he can resuscitate these claims, he remains free to submit an Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012).

amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __21st__ day of June, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8