# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BIRON GARVIN,                    )
                                 )
    Plaintiff,                  )
                                 )
v.                               )          CV418-109
                                 )
LT. BRAD SYKES and CPT. RAY      )
FOWLER,                          )
                                 )
    Defendants.                 )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Biron Garvin, an inmate at Coffee Correctional Facility, alleges in his 42 U.S.C. § 1983 Complaint that he was subjected to excessive force by Richmond Hill police officers Sykes and Fowler. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(e), arguing that there are no genuine issues of material fact and that plaintiff has failed to establish the elements of his § 1983 claim. Doc. 25.[1] Plaintiff

---

[1] The Clerk gave plaintiff notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. Doc. 27. Therefore, the notice requirements of *Griffith*

opposes, arguing in conclusory fashion that there are in fact remaining issues of material fact, but identifying none.  *See* doc. 30.

In his Complaint, Garvin alleged that Sykes and Fowler stopped him from backing out of a motel parking lot, ordered him out of his vehicle, and searched him, his passenger, and the vehicle.  "Suspecting that plaintiff had placed marijuana in his mouth and was chewing it," Garvin alleged, "Sykes began choking plaintiff and slammed his face on the police car and then began sticking his fingers in his mouth in an attempt to dislodge the suspected marijuana.  When that was unsuccessful, Sykes shoved his flashlight forcefully into plaintiff's mouth, causing abrasions and bleeding[,] as well as [ ] chipping his teeth."  Doc. 5 at 2.² While plaintiff alleged that he did not have any marijuana on his person, *id.*, defendants inform the Court that he has since pled guilty to the state criminal charges arising from the subject arrest and provide the Court with their bodycamera footage demonstrating that plaintiff had

---

*v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985), are satisfied, and the motion is ripe for consideration.

² Plaintiff's new allegations, introduced at his deposition, that the officers planted the marijuana on him and attempted to choke him with it (*see* doc. 25, Exh. F), are both contradicted by the video and diverge from his sworn testimony in his state criminal proceeding.  The Court will not *sua sponte* incorporate this testimony now into any of plaintiff's pleadings to manufacture any issue of material fact at summary judgment.

2

placed bagged marijuana in his mouth, attempting to swallow it, and refused to spit it out, thus forcing the officers to manually remove it. Doc. 25-1 at 1. Plaintiff does not contradict their version of events or undermine the evidentiary value of their exhibits. *See* doc. 30.

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). The court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. *Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County*, 630 F.3d 1346, 1353 (11th Cir. 2011). However, "facts must be viewed in the light most favorable to the non-moving party only

3

if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "The mere existence of some alleged factual dispute between the parties will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case." *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (cite omitted). Further, the party opposing summary judgment "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue to be tried." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

A final note on evidence at summary judgment. When considering the record, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2018), quoted in *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018). "But in cases where a video in evidence obviously contradicts the nonmovant's version of the facts, we accept the video's depiction instead of the nonmovant's account, and view the facts in the light depicted by the videotape. *Shaw*, 884 F.3d at 1098 (quotes, cites, and alterations omitted).

4

A review of the bodycamera footage clearly and unambiguously supports defendants' version of events. *See* doc. 25, Exhs. C (bodycamera video of Ray Fowler (Fowler BC)) & E (bodycamera video of Brad Sykes (Sykes BC)); *see also id.*, Exhs. A (Declaration of Ray Fowler) & B (Declaration of Brad Sykes). It shows that Fowler approached the vehicle and informed Garvin that he clearly smelled marijuana. Fowler BC. He ordered Garvin out of the vehicle and searched the it. *Id.* While Fowler was going through the vehicle, Garvin emptied the contents of his pockets onto the hood of a patrol vehicle, and marijuana scattered/fell from the contents. Fowler placed Garvin in handcuffs, searched Garvin's person, and warned Garvin that he would be strip-searched at the jail. *Id.* As Fowler placed Garvin in the rear of his patrol car, Sykes searched Garvin's hotel room and found plastic bags of cocaine powder and other evidence of marijuana. *Id.*; Sykes BC.

Fowler returned to the patrol car and observed that "it smells like he's eating [marijuana]" to another responding officer. Fowler BC. He demanded plaintiff open his mouth and commanded him to "spit it out now." *Id.* Sykes returned from searching the hotel room, and also ordered plaintiff to spit out the marijuana. *Id.*; Sykes BC. Though

5

plaintiff informed them the marijuana was "gone" and protested that it was "nothing but plastic," both officers continued to demand he spit it out. *Id*. Eventually, Garvin began to make noises as though he were choking on the contents of his mouth, and Fowler pulled Garvin out of the vehicle and attempted to manually force his jaw open. Fowler BC (ordering Garvin to "spit it out" so he could breathe and at one point telling him "don't die over some marijuana, that's dumb" and warning Garvin that "if you don't open your mouth, you're going to choke to death."); Sykes BC. Garvin clearly resists, refusing to disgorge the contents of his mouth, and Fowler pinned him against the trunk of the patrol car. *Id*. Garvin repeatedly coughed to clear his throat, bits of marijuana falling out of his clenched jaw. *Id*. Because he appeared to be choking, Fowler called emergency medical services (EMS). *Id*. Eventually, Fowler jammed the rubber handle of his mini flashlight into Garvin's mouth. *Id*.; *see also* Fowler Decl. at ¶ 17 (explaining that he used the flashlight to keep Garvin from biting the officers).

Eventually, after Garvin began shaking (perhaps due to his blocked airway) and EMS arrived to help, Fowler reached into his mouth to remove some visible plastic. Fowler BC. Garvin bit him. *Id*. When

Garvin released his fingers, Fowler pulled "a green, leafy, chewed substance in chewed plastic bags" out of Garvin's mouth. Doc. 25-1 at 6; Fowler BC. Garvin complained that Fowler chipped his tooth, *id.*, but on examination medical personnel did not find any cracked, chipped or broken teeth. Aside from an abrasion to his mouth, plaintiff was uninjured upon discharge to Bryan County Jail. Fowler Decl. at ¶ 25-26; Sykes Decl. at ¶ 17. Garvin was charged with possession of marijuana, tampering with evidence, obstruction (for biting Fowler), and possession of cocaine. Fowler Decl. at ¶ 27; Sykes Decl. at ¶ 19. He ultimately pled guilty to possession of marijuana and tampering with evidence charges. Doc. 25, Exhs. G (guilty plea hearing transcript) & H (guilty plea disposition).

Aside from his declaration that disputed facts exist, Garvin does not point to any factual discrepancy — much less one material to his case — to oppose summary judgment. *See* doc. 29. And the video evidence clearly undermines the allegations of his Complaint: that no marijuana was found, that he was choked and slammed on the hood of the patrol car, and that he suffered cracked teeth. The Court thus adopts defendants' version of facts, *see Scott*, 550 U.S. at 380, and finds that

7

there is no genuine issue of material fact for trial.

Defendants did not violate Garvin's constitutional rights, as a matter of law, when they attempted to manually remove the plastic bag of marijuana from his mouth as he attempted to eat it. "It is constitutional for officers recognizing an attempt to swallow and destroy what appears to be narcotics to hold the suspect's throat and attempt to pry open the suspect's mouth by placing pressure against his jaw and nose." *German v. Sosa*, 399 F. App'x 554, 556 (11th Cir. 2010). As long as the officer's belief that the suspect was attempting to swallow drugs was reasonable, his preventing the suspect from swallowing evidence did not violate the suspect's clearly established rights by. *Id.* at 557. Here, the bodycamera footage demonstrates that Fowler had reason to believe Garvin was swallowing narcotics and thus reason to prevent Garvin from eating the evidence. Because this use of force was reasonable under the law, defendants did not violate plaintiff's constitutional rights.

Defendants' attempts to prevent plaintiff's destruction of evidence by fishing a bag of marijuana out of his mouth did not offend the Constitution. Based on the video evidence, the Court finds that there is no genuine dispute of material fact as to whether plaintiff's rights were

8

violated.  Defendants' motion for summary judgment (doc. 25) therefore should be **GRANTED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __19th__ day of June, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**