FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 SEP 19 AM 11: 55
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BIRON GARVIN,

    Plaintiff,

v.

CORPORAL SYKES and SERGEANT FOWLER,

    Defendants.

CASE NO. CV418-109

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 31), to which objections have been filed (Doc. 35). After a careful review of the record, the Court finds the objections to be without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED**. Additionally, Plaintiff's Motion to Amend (Doc. 32) is **DENIED**.

Plaintiff first sought to remedy the deficiencies identified in the report and recommendation by seeking to amend his complaint. (Doc. 32.) In the motion to amend, Plaintiff requested this Court grant his motion and permit him to file his affidavit attached to the motion that purportedly explained the events that gave rise to his complaint. The Court has reviewed the motion and attached affidavit and finds that Plaintiff has

still failed to demonstrate genuine issues of material facts. In his affidavit, Plaintiff states that "while in full custody and control of Officer Sykes, with hands cuffs on me behind my back officer Fowler physically assaulted me" and that "the cracked damaged tooth caused by Sikes and Fowler physical assault had to be removed due to the damage caused by the Officer Sikes or Fowler flashlight that was shoved into my mouth." (Doc. 31, Attach. 1 at 2.) Plaintiff has repeated the same facts that he alleged in his complaint. (See Doc. 5). Plaintiff's objections likewise rely on this affidavit, and an attached medical document, to contend that there are genuine issues of material facts that precludes a grant of summary judgment to Defendants. (Doc. 35 at 3.) The Magistrate Judge found that Plaintiff's version of the facts as alleged in the complaint, namely that "no marijuana was found, that he was choked and slammed on the hood of the patrol car, and that he suffered cracked teeth," was clearly contradicted by the video evidence from the body cameras worn by Defendants. (Doc. 31 at 7.) After review of the record, the Court concurs with the Magistrate Judge's finding that Plaintiff's facts are contradicted by the video evidence. Therefore, as Plaintiff alleges the same details in his affidavit that was alleged in his complaint and considered by the Magistrate Judge, the Court denies Plaintiff's motion to amend as futile.

2

Moreover, the Court concurs in the Magistrate Judge's conclusion that the force used was not excessive. To overcome qualified immunity, two questions must be answered in the affirmative. A court must determine whether the facts taken in the light most favorable to the party asserting the injury, "show the officer's conduct violated a constitutional right," and whether that right "was clearly established" at the time of the alleged conduct. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001), modified by Pearson v. Callahan, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009) (holding that courts do not need to address the Saucier two prong test in sequential order). The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it, however, the Fourth Amendment protects individuals from the use of excessive force during the arrest or stop. Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 1871-72, 104 L. Ed. 2d 443 (1989). The gratuitous, unwarranted use of force during the course of an arrest is excessive. Manners v. Cannella, 891 F.3d 959, 973 (11th Cir. 2018). The Eleventh Circuit has repeatedly ruled that a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she "uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." Saunders v.

Duke, 766 F.3d 1262, 1265 (11th Cir. 2014). The determination of whether the force used was reasonable is viewed from the perspective of a "reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396, 109 S. Ct. at 1872. Qualified immunity applies unless the application of the reasonable officer standard would "inevitably lead every reasonable officer to conclude the force was unlawful." Nolin v. Isbell, 207 F.3d 1253, 1255 (11th Cir. 2000). To balance the reasonableness of the force used, a court must evaluate several factors, including: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest. Manners, 891 F.3d at 973.

Plaintiff was arrested after Defendants found marijuana on his person. (Doc. 25, Attach. 3 at 2; Doc. 25, Attach. 5 at 46:11-46:50.) However, the force alleged here did not arise until after Plaintiff had been placed in the back of a police cruiser, handcuffed, and Defendants observed a strong odor of marijuana emanating from him and realized that Plaintiff had something in his mouth and believed that Plaintiff was "eating" marijuana. (Doc. 25, Attach. 3 at 3; Doc. 25, Attach. 6 at 13:09-13:31.) Defendant Fowler removed Plaintiff from the car and, after numerous instructions by Defendant Fowler to

4

Plaintiff to spit out the marijuana and/or plastic bags in Plaintiff's mouth, Defendant Fowler attempted to manually remove the marijuana. (Doc. 25, Attach. 3 at 3-5; Doc. 25, Attach. 6 at 13:32-25:20.) At the time that Plaintiff was subject to the force he alleges, Defendants believed that he was destroying evidence by attempting to eat and swallow marijuana and, further, became worried that he could choke and die on the items. (Id.) The three factors fall in favor of Defendants. Plaintiff was arrested for possessing marijuana and, at the time force was used, was believed to be destroying evidence, Plaintiff was refusing to spit out the items in his mouth, and Plaintiff was in danger of choking. Qualified immunity applies unless the application of the reasonable officer standard would "inevitably lead every reasonable officer to conclude the force was unlawful." Nolin, 207 F.3d at 1255. A reasonable officer in Defendants' position would not conclude that the force used was unlawful. See also German v. Sosa, 399 F. App'x 554, 556 (11th Cir. 2010) (finding that excessive force was not used when the defendant officer attempted to prevent the plaintiff from swallowing what the officer believed to be cannabis and stating that "[i]t is constitutional for officers recognizing an attempt to swallow and destroy what appears to be narcotics to hold the suspect's throat and attempt to pry open the suspect's mouth by placing pressure against his jaw and nose."). This Court grants

5

Defendants' Motion for Summary Judgment on the grounds that Defendants are entitled to qualified immunity and because, to the extent Plaintiff assert claims against Defendants in their official capacities, Plaintiff has not made out a case that there was a policy or custom that caused the alleged constitutional deprivations. As a result, the Court does not reach the alternative argument that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Accordingly, Defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED**. As a result, all of Plaintiff's claims are **DISMISSED**. Plaintiff's Motion to Amend (Doc. 32) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 19th day of September 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA